# EVANS *v.* SHINN.*

---

PRINCIPAL AND AGENT; REAL ESTATE BROKERS.

1. One who has listed his property with several real estate brokers who are operating upon an equal footing is obliged to deal with the

---

*Brokers—Commissions.*—For cases upon the question of a broker's right to commissions where two or more real estate brokers acting for the same persons are instrumental in effecting a sale of property to a certain purchaser, see notes to *Jennings* v. *Trummer*, 23 L.R.A.(N.S.) 164, and *Dalke* v. *Sivyer*, 27 L.R.A.(N.S.) 195; upon the broker's right to commissions when sale is made by owner in ignorance of the former's instrumentality in procuring a purchaser, see note to *Quist* v. *Goodfellow*, 8 L.R.A.(N.S.) 153; as to the general question when a real estate broker is to be regarded as the procuring cause of a sale or exchange, see note to *Hoadley* v. *Savings Bank*, 44 L.R.A. 321; as to performance by real estate broker of his contract to find a purchaser or effect an exchange of his principal's property, see note to *Lanney* v. *Healey*, 44 L.R.A. 593.

purchaser first brought by an authorized broker, if the purchaser so
brought is prepared to pay the price quoted to the broker bringing
him.

2. Where the property is listed for sale with a single broker, and the
   owner sells to a purchaser procured through the efforts of such
   broker, even though for a different price than that quoted the
   broker, the owner is liable to the broker for the latter's commission,.
   since the broker was the procuring cause of the sale, as he brought
   the purchaser and the seller together; but where there are a num-
   ber of brokers, the broker is entitled to the commission who first
   brings to the owner a contract satisfactory to him, and which the
   owner accepts, provided there has been no collusion between the
   broker and the owner to defeat another broker who has been nego-
   tiating with the purchaser. (Following *Daniel* v. *Columbia Heights
   Land Co.* 9 App. D. C. 483, and distinguishing *Shinn* v. *Evans*, 37
   App. D. C. 304.)

3. One not having an exclusive agency for the sale of real property
   cannot be regarded as the procuring cause of the sale of the prop-
   erty, so as to entitle him to commissions, where the sale was nego-
   tiated through another broker upon different terms than those upon
   which the first broker had negotiated for the purchase, and which had
   not been accepted, and the principal did not know at the time the
   contract was signed that the purchaser was one with whom the other
   broker had been negotiating.

No. 2515.    Submitted May 9, 1913.    Decided June 2, 1913.

HEARING on an appeal by the defendants from a judgment
of the Supreme Court of the District of Columbia, on verdict,.
in an action by a real estate broker to recover a commission.
                                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This suit was brought in the supreme court of the District
of Columbia by appellee, Robert C. Shinn, to recover a com-
mission alleged to be due from appellants, John O. Evans and
A. Ward Evans, for the sale of certain real estate in this city..

It appears that plaintiff, Shinn, was one of a number of agents
engaged in an effort to sell for defendants A. Ward Evans and
John O. Evans the real estate in question. Plaintiff had

opened negotiations with a prospective purchaser named Fors-- berg. He conveyed this information to defendants, and se-- cured from them two propositions of sale to submit to Forsberg. Defendants agreed to accept $32,500, for the property, $7,-- 500 in cash, with mortgage back for $25,000; or $30,000, $10,- 000 cash, with mortgage back for $20,000. Plaintiff testified,. and is corroborated by Forsberg, that he submitted the alterna- tive propositions to ·Forsberg, and Forsberg said he would prefer to accept the $30,000 proposition, but asked plaintiff to- ascertain if defendants would accept $30,000, with a cash pay- ment of $7,500. Plaintiff testified that he then communicated. with defendant "Ward Evans, and told him he was leaving that night for New York, and that he would like to have an option for two or three days on the property to give Forsberg· time to get his $10,000 together. Plaintiff also asked him if he· could not take $7,500 cash on the $30,000 basis, instead of $10,000 cash. Ward Evans said, 'John is out of town and that· would not be acceptable to us.' " Ward Evans testified that "at the time Mr. Shinn went to New York, witness had given· him two propositions, one of $30,000, with $10,000 cash, and the other of $32,500 with $7,500 cash. Witness did not receive from Shinn the offer of Forsberg to accept either of these propo- sitions. . . . When Shinn called witness up on the telephone· on the night before he left for New York, witness told Shinn that he could not give him the exclusive right to sell the property because there were too many agents interested. It was a case· of first come first served; and if the property happened· to be· sold while he was away, that it would be sold." In this Evans. is corroborated by plaintiff's letter to Forsberg from New York,. as follows:

Dear Mr. Forsberg:—

Before leaving for New York I had a long talk with Mr. Evans regarding the sale of the square at 8th and Water sts.,. S. W., and asked him for an option or exclusive sale of same, which he declined to let me have, saying that there were too·

many people interested in the purchase of same to give me any such privilege.

If you decide you would like to buy on the terms which I mentioned to you, let me know at once and I will return and see if I can effect a deal for you, but please do not mention to anyone about the terms I quoted to you, as I was not at liberty to do as I did in the matter.

The undisputed evidence discloses that defendants did not know at the time the contract was signed with Gadsby that Forsberg was the purchaser; that Gadsby knew nothing of plaintiff's negotiations until after the sale was made; that Gadsby was an agent of defendants, on equal footing with plaintiff; that plaintiff never conducted the negotiations upon the terms of the sale made by Gadsby, and that Gadsby was the agent of defendants, and not of the purchaser, Forsberg.

*Mr. John C. Fay*, and *Mr. Charles W. Arth*, for the appellants.

1. An owner of property may employ more than one agent to make a sale of his property without being compelled to pay a commission to every broker who may have had the property for sale, and who may have been in any negotiations with the person who finally made the purchase. *Daniel* v. *Land Co.* 9 App. D. C. 483; *Vreeland* v. *Vetterlein*, 33 N. J. L. 247; *Edwards* v. *Pike*, 187 S. W. 586; *Withbee* v. *Walker*, 93 Pac. 1118; *Hopkins* v. *Moseley*, 105 S. W. 104.

*Mr. Eugene A. Jones* and *Mr. George C. Shinn*, for the appellee:

1. A broker employed to find a purchaser is entitled to his commission when he finds a purchaser able, ready, and willing to take the property upon terms satisfactory to the principal. *Bryan* v. *Abert*, 3 App. D. C. 180; *Moore & Hill* v. *Breuninger*, 34 App. D. C. 86; *Mannix* v. *Hildreth*, 2 App.

D. C. 259; *Jones* v. *Holladay,* 2 App. D. C. 279; *Block* v. *Ryan,* 4 App. D. C. 283; *Dotson* v. *Millikin,* 27 App. D. C. 500, affirmed in 209 U. S. 211; *Brennan* v. *Roach,* 47 Mo. App. 290; *Peckham* v. *Ashhurst,* 18 R. I. 376; *Ratts* v. *Shepherd,* 37 Kan. 20; *Derrickson* v. *Quimby,* 43 N. J. L. 373; *Kelly* v. *Stone,* 94 Iowa, 316; *Ford* v. *Easley,* 88 Iowa, 603; *Hamble-ton* v. *Fort,* 78 N. W. 498; *Johnson* v. *Bernheimer,* 46 N. Y. S. R. 375; *Anderson* v. *Cox,* 16 Neb. 10; *Bowser* v. *Field,* 17 S. W. 45; *Lincoln* v. *McClatchie,* 36 Conn. 136; *Redfield* v. *Tegg,* 38 N. Y. 212; *Sussdorff* v. *Schmidt,* 55 N. Y. 319; *Brennan* v. *Roach,* 47 Mo. App. 290; *Draver* v. *Rauch,* 42 How. Pr. 22; *Wright* v. *Brown,* 68 Mo. App. 577; *Briggs* v. *Rowe,* 4 Keyes, 424; *McGuire* v. *Carlson,* 61 Ill. App. 295; *Sherwood* v. *Kerfoot,* 9 Ill. App. 553; *Hendricks* v. *Daniels,* 46 N. Y. S. R. 384; *Tinsley* v. *Scott,* 69 Ill. App. 352; *Day* v. *Porter,* 60 Ill. App. 386; *Jennings* v. *Trummer,* 23 L.R.A. (N.S.) 164; *Smith* v. *McGovern,* 65 N. Y. 574; *Arnold* v. *Wood,* 13 Week. Dig. 302; *Ross* v. *Smiley,* 18 Colo. App. 204, 70 Pac. 766; *Faber* v. *Vaughan,* 108 Ill. App. 463; *Jeffries* v. *Loving,* 106 Ill. App. 380; *Phillips* v. *Dowhower,* 103 Ill. App. 50; *Barnett* v. *Gluting,* 3 Ind. App. 415, 29 N. E. 154, 927; *Cassidy* v. *Seeley,* 69 Iowa, 509, 29 N. W. 432; *Sandefur* v. *Hines,* 69 Kan. 168, 76 Pac. 444; *Hubachek* v. *Hazzard,* 83 Minn. 437, 86 N. W. 426; *Butts* v. *Ruby,* 85 Mo. App. 405; *Finley* v. *Dyer,* 79 Mo. App. 604; *Hayden* v. *Grillo,* 26 Mo. App. 289; *Duclos* v. *Cunningham,* 102 N. Y. 678, 6 N. E. 790; *Miller* v. *Irish,* 67 Barb. 256; *Smith* v. *Smith,* 1 Sweeny, 552; *Ward* v. *McQueen,* 100 N. W. 253; *Smye* v. *Groesbeck,* — Tex. Civ. App. —, 73 S. W. 972; *Kennedy* v. *Clark,* 1 Tex. App. Civ. Cas. § 843; *Lockwood* v. *Levick,* 8 C. B. N. S. 603, 7 Jur. N. S. 102, 29 L. J. C. P. N. S. 340, 2 L. T. N. S. 357, 8 Week. Rep. 583; 8 Cent. Dig., tit. "Brokers," § 75 *et seq.*

2. If a broker employed to find a purchaser brings to the owner a person who is able, ready, and willing to purchase, on the owner's terms, he is entitled to compensation, although he does not make or negotiate a binding contract of sale with

the purchaser. *Buckingham* v. *Harris,* 10 Colo. 455, 15 Pac. 817; *Lockwood* v. *Rose,* 125 Ind. 588, 25 N. E. 710; *Burlington* v. *Gunther,* 12 Daly, 6; *Folinsbee* v. *Sawyer,* 8 Misc. 370, 28 N. Y. Supp. 698; *Heinz* v. *Boehmer,* 4 Ohio N. P. 226, 6 Ohio S. & C. P. Dec. 362; *Mattes* v. *Engel,* 15 S. D. 330, 89 N. W. 651; *Barnes* v. *German Sav. etc. Soc.* 21 Wash. 448, 58 Pac. 569; *Brydges* v. *Clement,* 14 Manitoba L. Rep. 588.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Plaintiff was not the exclusive agent. He was operating in competition with other agents on equal footing with himself. Defendants were therefore in a position where they were required to treat all agents with equal fairness. Under such circumstances they were obliged to deal with the first purchaser brought by an authorized agent who was prepared to pay the price quoted the agent. The rule as to procuring cause is different where there are many agents, and where there is a single agent. In the latter case, if the owner sells to a purchaser, procured through the efforts of the agent, for a different price than that quoted the agent, the owner will be liable for the agent's commission, for the reason that the agent brought the purchaser and seller together, and he, therefore, was the procuring cause of the sale. Where there are a number of agents, however, the purchaser may be negotiating with different authorized agents of the owner, and, if so, the agent is entitled to the commission who first brings to the owner a contract satisfactory to him, and which the owner accepts, provided there has been no collusion between the agent and the owner to defeat another agent who has been negotiating with the purchaser.

That plaintiff had not closed negotiations with Forsberg on terms satisfactory to defendants before plaintiff left for New York seems apparent from his letter to Forsberg, wherein he said: "If you decide you would like to buy on the terms which I mentioned to you, let me know at once and I will return and see if I can effect a deal for you; but please do not mention to anyone about the terms I quoted to you, as I was not at liberty

to do as I did in the matter;" and to which Forsberg replied, "I would suggest that you return at the earliest moment and make arrangements for the deal under the best conditions." This was the last communication plaintiff had with Forsberg until after the sale had been consummated by Gadsby. We think, therefore, that, inasmuch as plaintiff had not an exclusive agency, he can in no sense be held to have been the procuring cause of the sale.

The facts in this case are similar to those in *Daniel* v. *Columbia Heights Land Co.* 9 App. D. C. 483. In that case, the court, considering the liability of the owner as between the conflicting claims of agents, said: "Taking into consideration, as we reasonably should in this new situation, the rights and interest of the agents, respectively, together with the just right of the owner, while acting fairly, to immunity from double liability, the obligation to pay the commission must be confined to the terms in which it was expressed. As expressed, it was not to pay to one who might, by advertising, find, and, by interviews, stimulate a purchaser; but to one who should produce him and consummate the sale. Assuming that plaintiffs found the purchasers, directed their attention to the property, and really induced them to make a final offer to the other agent, notwithstanding the evidence of one of the purchasers to the effect that they had long known the property and desired to buy it, and had only called on plaintiffs because of their advertisement of a price lower than ever demanded before, the fact remains, nevertheless, that they did not actually sell the property. The most that can be claimed is that they came very near making the sale, and might have done so had the buyers not finally dealt with the rival agent. Having made this arrangement, it became the duty of the defendant to act impartially between the agents, and not to collude with either, but to pay the commission, as promised, to the one that should produce the buyer and close the sale at its terms."

So, in the present case, the most that can be said is that plaintiff came very near making the sale, and might have done so had not Forsberg finally dealt with Gadsby. There is no evi-

dence of any collusion on the part of defendants to prevent plaintiff from consummating the sale, or with the agent Gadsby to in any way prevent plaintiff from reaping the fruits of his efforts to bring about a sale.

The only intimation of unfair treatment by defendants is the statement of plaintiff, in his testimony, that Ward Evans told him before leaving for New York, "Shinn, that's all right. Mr. Forsberg is your client, and we will not have any falling out. You come in when you get back and John, my brother, will be in town, and we will talk the matter over." Plaintiff also testified that, in his conversation with Evans, he said to him, "Mr. Forsberg is now ready to buy the property. All he wants is a few days to raise the $10,000." The latter statement is contradicted by plaintiff's letter from New York, written before the controversy here in suit arose. Assuming, however, that Ward Evans made the former statement, it is not contended that defendants knew Forsberg was the purchaser, and, under the arrangement they had with their agents, they were morally bound to sell to the one who first produced a purchaser willing to pay a price satisfactory to them, and to pay him the commission. Assuming also that plaintiff told Evans that Forsberg was ready to buy the property, but wanted a few days to raise the $10,000, it was far from closing a contract, for Forsberg, in order to raise the money, wanted time,—the very thing defendants had refused to grant plaintiff, for the reason that other agents were trying to sell the property, and they were obligated, as they expressed it, to sell to the first one who came prepared to purchase.

To sustain the contention of plaintiff would make it hazardous for an owner of property to place it in the hands of more than one agent. It would open the door to the most vicious collusion and fraud. An owner easily might be placed in a position where he could be compelled to pay double or treble commissions. Viewing the evidence in the most favorable light, plaintiff cannot recover, for he neither made the sale nor was the procuring cause of the sale. One of these elements must clearly appear before an agent can recover a commission when

he is working in open competition with other agents. The law of this case is so well settled in this jurisdiction by *Daniels* v. *Columbia Heights Land Co., supra,* that further consideration is unnecessary.

The case was here before (*Shinn* v. *Evans,* 37 App. D. C. 304) upon a judgment for defendants based upon a directed verdict at the conclusion of plaintiff's evidence. The judgment was reversed for the reason that plaintiff had testified that defendants told him they knew Forsberg was the purchaser before they signed the contract with Gadsby. Plaintiff did not so testify on this trial, but the evidence is all to the effect that defendants did not know whom the purchaser was when they signed the contract. The other ground upon which the judgment was reversed was that, from the evidence, it might well be assumed that plaintiff was the only agent, and that it might further be inferred that Gadsby acted as the agent of the purchaser. On this trial, it appears by the uncontradicted testimony that there were a number of agents, of which fact the plaintiff was advised, and that Gadsby was the agent of defendants, to whom they paid the commission for making the sale.

The case was submitted to the jury upon the erroneous theory that from the evidence plaintiff might be found to have been the procuring cause of the sale, and therefore entitled to recover. In no view of the evidence was this issue of fact presented, and it was error to permit the jury to find a verdict upon a mere fiction.

The judgment is reversed, with costs, and the cause remanded for further proceedings.            *Reversed and remanded.*