## TAYLOR v. MADDUX, MARSHALL & CO., Inc.

(Court of Appeals of District of Columbia. Submitted February 10, 1925. Decided March 2, 1925.)

No. 4165.

**1. Appeal and error ⊜=>696(2)—Failure of trial judge to certify that bill of exceptions contained all of evidence held not fatal to appeal.**

Failure of trial judge to certify that bill of exceptions contained all evidence in case *held* not to render bill insufficient, as motions for directed verdict therein set out implied reference to testimony appearing in bill of exceptions, and reasonably warranted inference that judgment was rendered on evidence set forth.

**2. Brokers ⊜=>55(1)—Broker held not entitled to commission on sale of realty consummated through competing broker, though he first found purchaser.**

Where purchaser of realty sought out particular agent, and through him consummated deal, *held*, competing agent, though he may have first found purchaser, was not entitled to commission.

In Error to the Municipal Court of the District of Columbia.

Action by Maddux, Marshall & Co., Incorporated, against Mrs. Grant W. Taylor, otherwise known as Addie M. Taylor. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. F. Kelly and P. J. J. Nicolaides, both of Washington, D. C., for plaintiff in error.

Blaine Mallan, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on writ of error to the municipal court of the District of Columbia from a judgment in favor of defendant in error, corporation, for commissions alleged to have been earned by it in the sale of certain real estate belonging to plaintiff in error.

It appears that one Mrs. Partridge, a sales agent of plaintiff company, was driving by the premises of defendant, where she noticed a "For Sale" sign. She called at the house, presented her card, and requested permission to list the property for sale with the plaintiff company. She testified that defendant consented to having it listed, but this evidence is contradicted. Defendant and her sister-in-law who was present testified that such permission was not given but that plaintiff's agent was informed that Strohecker & Metzler, real estate agents, had the exclusive agency for the sale of the property. This conflict, however, in our view of the case, is of no importance.

Plaintiff's agent thereafter, on a Saturday in August, 1923, took a Mrs. Van Patten to see the premises. The house was locked and they only viewed it from the exterior. The next day she took Mrs. Van Patten and her husband to see the premises. When they arrived, they were met by Mr. Strohecker, and together they went through the house and examined it; Mr. Strohecker showing the house especially to Mr. Van Patten and explaining prices, terms, etc. Plaintiff company's agent introduced Mrs. Van Patten to

defendant; Strohecker introduced Mr. Van Patten to defendant. The Van Pattens left in the car with plaintiff's agent. The same evening, about 9 o'clock, Mr. Van Patten telephoned Strohecker, asking him to bring him a contract for the purchase of the premises, which was done; the contract was signed and approved by defendant.

Plaintiff company claims, upon this state of facts, the right to a commission for the sale of the premises. This being denied by defendant, the present suit was brought. The case was tried below without a jury, resulting in a judgment for the plaintiff company of $825, from which the case comes here on writ of error.

[1] Objection is interposed by defendant in error to the sufficiency of the bill of exceptions, in that the trial judge does not certify that the bill of exceptions contains all the evidence in the case. While this objection may, under certain circumstances, prove fatal to the right of review on appeal, we think that it does not apply in the present case. The bill of exceptions discloses that, when the plaintiff rested its case, a motion was made by defendant for a directed verdict on the insufficiency of the evidence to make out a case. This motion was overruled, and a similar motion was made when defendant rested her case, which was likewise overruled. These motions imply reference to the testimony appearing in the bill of exceptions, and it may reasonably be inferred that the evidence, upon which the judgment was rendered, is that set forth in the bill of exceptions and certified to as such by the trial judge.

[2] Coming now to the case on its merits, we think there is no theory upon which the judgment below can be sustained. Taking the plaintiff's case in its most favorable light, it amounted merely to a competition between two agents for the sale of the premises. It is well settled that, in the absence of collusion between the owner and the purchaser, there can be no recovery by an agent who has failed in such a competitive race. The defendant in the present case had no dealings whatever with the purchaser. The purchaser sought out Strohecker and dealt with him as one of the defendant's agents, and it is immaterial that defendant may have been the first one to have found the purchaser. It is a case where the first one of two agents presenting a contract satisfactory to the owner is entitled to the commission, and the other agent, regardless of what service may have been rendered, is without remedy.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.