**DAVIDSON et al. v. JONES.**

No. 79.

Municipal Court of Appeals for the District of Columbia.

Oct. 26, 1943.

Joseph A. Rafferty, of Washington, D. C., for appellants.

Harry L. Ryan, Jr., of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff was one of two competing real estate brokers authorized by defendant to secure a purchaser for his property at a price of $13,500. The other broker was Shannon & Luchs, Inc. Plaintiff, acting through an associate broker, immediately advertised the property and through that medium met the ultimate purchaser, one Joseph Drailey and his wife. He showed the property to them and after some discussion about terms they asked him to submit a verbal offer of $13,000. He refused to do so. At the trial the purchasers gave such refusal as a reason for not wanting to deal through him, and claimed that he had been antagonistic and uncooperative. He did in fact, two or three days later, inform defendant of such verbal offer, and it was refused.

In the meantime Shannon and Luchs was attempting to stimulate the sale, and

after some negotiations with the owner and with the prospective purchaser obtained their mutual approval to a sale at $13,250. The sale was consummated on that basis and a commission paid to Shannon and Luchs. That firm gave defendant a written agreement, indemnifying him against the possibility of a double commission in the event he should be held liable to plaintiff.

Trial was without a jury and resulted in a general finding for defendant. We hold the ruling was correct.

We perceive in this case a familiar situation, often litigated in this jurisdiction and several times decided with great clarity by our highest court. Here were two competing brokers, each striving to consummate a sale and earn a commission. One failed; the other succeeded. In such a situation the law is well settled that the broker who first brings to the owner a contract of sale on terms acceptable to him is entitled to the commission; and that, unless the unsuccessful broker can show collusion between the owner and the other agent, he cannot recover.

This plaintiff enjoyed no preemptive position and was entitled to no preferential status. Defendant had refused to grant him an exclusive agency, and he knew that he must consummate a sale to earn a commission. Presumably he brought to bear his best talent, industry, and resourcefulness in an effort to make a sale. Presumably the second agent did the same. The reward must go to the successful broker; the unsuccessful one, however great his efforts, receives nothing.

We have examined the stenographic transcript of testimony with care and find in it nothing to warrant a claim of fraud or collusion. Accordingly, the judgment should be affirmed. We refer to the following cases as being decisive of this appeal: Daniel v. Columbia Heights Land Co., 9 App.D.C. 483; Evans v. Shinn, 40 App.D.C. 557; Addison v. Blair, 42 App. D.C. 331; Taylor v. Maddux, Marshall & Co., 55 App.D.C. 254, 4 F.2d 447; Goldsmith et al. v. Buckey, 62 App.D.C. 61, 64 F.2d 559; Battle v. Price, 63 App.D.C. 326, 72 F.2d 377. See, also, Hecht Co. v. Whiteford, U.S.App.D.C., 137 F.2d 929, decided August 16, 1943.

Appellant has cited numerous cases from other jurisdictions. These we have examined, but we think it our duty to follow the law as clearly stated and often repeated in our own highest appellate court. District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17.

Appellant argues that in exacting the indemnity agreement from Shannon and Luchs, defendant indicated a consciousness of liability to plaintiff. To this we cannot agree. In the circumstances here presented we think it was at most a step dictated by caution to protect himself from liability for two commissions. Standing alone, or taken in conjunction with the other evidence, it should not have led the trial judge to a different conclusion.

Affirmed.