# FOX *v.* COHEN.[*]

EVIDENCE; BURDEN OF PROOF; CONTRACTS; REAL-ESTATE BROKERS.

1. Where, in a suit between an owner of real estate and a broker, involving the question of the right of a broker to a commission on a sale not consummated, because of the intending purchaser's default, the owner assumes the burden of proving the financial irresponsibility of the intending purchaser, it is unnecessary to determine on whom rests the burden of proving that fact; and testimony by the owner's attorney, that he made unsuccessful efforts to find the intending purchaser at his residence, and that he investigated his financial status with a view of suing him, but could find no real estate or other assets belonging to him subject to execution, is competent, and sufficient to make out a prima facie case, although, not being required on cross-examination to do so, the witness gives no detailed account of the steps taken in his investigation.

2. *Quære,*—whether when a party who, through a real-estate broker, has entered into a contract with the owner of land to buy the land, fails to do so, and the seller is not in default, the broker is entitled to his commission.

3. The relation between a real-estate broker and the owner of land for whom he is acting is of a confidential nature, requiring perfect good faith on the part of the broker and entitling the owner to the benefit of his knowledge and advice.

4. Where a real-estate broker produces a buyer, and represents to the owner of the land that the party so produced is "all right in every respect," and the owner, acting upon the representation, enters into a contract to sell the land to such party, and the latter proves to be financially irresponsible and makes default, the broker is not entitled to his commission (Citing *Dotson* v. *Milliken,* 27 App. D. C. 500); and in order to defeat the broker's claim for commission it is not necessary for the seller to obtain a judgment against the

---

*Broker.*—As to broker's right to commission where purchaser procured by him is financially unable to perform his contract, see note to *Moore* v. *Irvin,* 20 L.R.A.(N.S.) 1168.

defaulting purchaser, but it is sufficient if he shows the purchaser's
financial irresponsibility.

No. 2038.   Submitted January 6, 1910.   Decided February 1, 1910.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia in an action
to recover money deposited with a real-estate broker under a
contract of sale.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellees, Jeaneatte Cohen and Lillie Cohen, brought
action in the justice's court to recover of appellant, Edward K.
Fox, a real-estate broker, the sum of $100, received by the lat-
ter under an uncompleted contract of sale. The facts of the
case are undisputed. Appellees owned a house and lot which
they wished to sell. Having seen a published notice of a house
seeker, they addressed a letter to an unknown advertiser, who
communicated the fact to appellant. Summers, a representa-
tive of appellant, went to the house with one Waldron, a pro-
posed purchaser. After Waldron had inspected the house and
left, Summers told appellees that Waldron was a colored min-
ister, recently called to the city as pastor of a large church; that
he believed he was a responsible man; that he was "all right
in every respect;" and that he (Summers) was trying to sell
him the house. The price fixed was $5,600. A few days later,
Summers returned with a contract of sale signed by appellant,
on behalf of appellees, and by Waldron, which appellees ap-
proved in writing. The contract is in the ordinary form, re-
citing a deposit by Waldron of $100. It was an agreement to
sell for $5,600. $600 were to be paid in cash upon exhibition
of satisfactory title, of which the deposit was to form a part.
Notes payable in five years, with semi-annual interest, were to
be given for the remainder, secured by deed of trust
on the premises. It was provided that the forfeiture of
the deposit was not to relieve the purchaser of responsibil-

ity to comply with the terms of the sale. Waldron deposited $100 with appellant. The deed and other papers were prepared for execution, and the parties met for the purpose of closing the transaction. By mutual consent execution was postponed for a day or two. Waldron thereafter refused to perform, giving as a reason his wife's dissatisfaction with the house. One of the appellees' attorneys testified that he went several times to Waldron's residence, but was unable to see him. That he "investigated the financial status of Waldron, with a view of bringing suit against him, but could find no real estate or other assets belonging to Waldron subject to execution." That he advised appellants that a judgment against Waldron would be worthless. Appellees then demanded the money deposited with appellant, who refused to pay it over, as he claimed a commission for the sale, in excess of that amount. The usual commission on sales is 3 per cent, and appellant set up a claim in set-off for $168. The set-off was denied, and appellees had judgment, from which appellant appealed to the supreme court of the District. The same judgment was rendered in that court, of which appellees remitted $3.

*Mr. P. H. Marshall* for the appellant.

*Mr. Michael J. Colbert* and *Mr. Edmund Brady* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

1. The first error assigned is on an exception taken to the evidence of the investigation of the financial condition of the purchaser. It is not necessary to consider which party had the burden of proof on this point, as the appellees voluntarily assumed it to excuse their failure to take action against Waldron. It is argued that the evidence is incompetent, as well as insufficient, because the witness did not give a detailed account of the steps taken in his investigation. The testimony

was not only competent, but sufficient to make a prima facie case. If appellant desired this specific information, it was open to him to cross-examine the witness.

2. It is well settled that when an authorized agent procures a purchaser he becomes entitled to his commission, although the sale may not be consummated, provided the failure is due to the default of the owner of the land. *Dotson* v. *Milliken*, 27 App. D. C. 500–514, and cases therein cited. In this case the vendors had a satisfactory title and were anxious to conclude the sale, which was prevented by the refusal of the purchaser to comply. If, as the evidence tended to show, there was no reasonable probability that a decree or judgment against him would be of any value, the vendors were under no obligation to go through the form of bringing a suit against him.

The contention of the appellant is that, when an agent procures a purchaser on the terms proposed by the principal, and the latter accepts the purchaser, then he is entitled to his commissions whether the defaulting purchaser is or is not responsible.

The contention, on the other hand, is that before the agent is entitled to compensation, the purchaser must not only have entered into an agreement to purchase, but must also have actually complied with its terms, unless compliance is prevented by the fault of the principal. This proposition has the support of some well-considered cases in Maryland and elsewhere. *Kimberly* v. *Henderson*, 29 Md. 512–515; *Richards* v. *Jackson*, 31 Md. 253, 1 Am. Rep. 49; *Riggs* v. *Turnbull*, 105 Md. 135–148, 8 L.R.A.(N.S.) 824, 66 Atl. 13, 11 A. & E. Ann. Cas. 783; *De Santos* v. *Taney*, 13 La. Ann. 151. Under the facts of the case it is not necessary to pass upon these conflicting contentions. The relation between a principal and his agent is of a confidential nature, requiring perfect good faith on the part of the latter, and entitling the principal to the benefit of his knowledge and advice.

When the appellant procured the purchaser, he said that he believed him to be responsible, and that he was "all right in every respect." Upon this representation the appellees acted.

There was no reason why they should prosecute an independent inquiry before accepting the purchaser. The sale was not to be made solely upon credit. If the purchaser was "all right," he could be expected to make the small cash payment, and then the lien upon the property would be security for the deferred payments.

Under these circumstances it would be unjust to make the appellees pay a commission for a sale that the irresponsible purchaser refused to complete. We are not to be understood as intimating that the appellant acted in bad faith; doubtless, he fully believed that the purchaser intended to comply. But the proposition of law for which he contends would offer a temptation to careless or unprincipled agents to make sales to irresponsible bidders at high prices, without any reasonable expectation that the terms of sale would be complied with or could be enforced. The charge of the court substantially embodied the doctrine above laid down; and the judgment will therefore be affirmed, with costs.                     *Affirmed.*