**DREYFUSS et al. v. BOLING.**

No. 612.

Municipal Court of Appeals for the District of Columbia.

July 6, 1948.

---

[4] Code 1940, Supp. V, 45—1610.

[redacted]

[redacted]

[redacted]

Joseph A. Kaufmann, of Washington, D. C. (F. Joseph Donohue and Milton S. Kronheim, Jr., both of Washington, D. C., on the brief), for appellants.

Leo Schlosberg, of Washington, D. C. (Charles J. King, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee listed three pieces of property with appellants, real estate brokers, for sale at a total price of $60,000. Appellants obtained and presented to appellee separate offers for the three properties, the total of the three offers amounting to $60,000. Appellee refused to accept the offers because his wife refused to join in the acceptance. Appellants brought this action for their commission, alleging that the proposed purchasers were ready, willing and able to buy. The answer denied this allegation.

At trial appellants proved the listing, the securing of the offers and the rejection thereof on the ground above stated, but offered no evidence of the financial ability of the proposed purchasers to comply with their offers. At the close of appellants' case the trial court directed a verdict against them. This appeal questions the correctness of that ruling.

Appellants recognize the general rule that, where the principal refuses to accept the offer secured by the broker, the broker can recover only by showing that he produced a purchaser ready, willing and able to buy on the authorized terms.[1] But appellants argue that in the present case the appellee waived the question of the financial ability of the purchasers by refusing to accept the offers on the stated ground that his wife would not join him. Appellants contend that because appellee at the time of rejecting the offers raised no question as to the ability of the offerers to comply therewith, that this question cannot be raised as a defense to the claim for commission.

[redacted] There are some authorities which tend to support appellants' position[2] but in our opinion the better reasoned cases hold otherwise.[3] Appellants were engaged to find a purchaser or purchasers ready, willing and able to buy on the owner's terms. This was the entire undertaking of the brokers and if they performed their engagement they earned their commission, whether or not the owner accepted the offer. On the other hand the owner did not bind himself to accept the offer and could reject it for any reason; but if the offer, though rejected, met the authorized terms, he was bound to pay the commission.

Cases like Robb v. Crawford, 56 App. D.C. 394, 16 F.2d 339, and Ohio and Mississippi R. Co. v. McCarthy, 96 U.S. 258, 24 L.Ed. 693, to the effect that one who bases his refusal to perform his contract on a specified ground thereby waives all other grounds, have no application here. The owner was not giving a reason for refusing to perform a contract, but for refusing to enter into a contract. In so doing he was not questioning the services of the brokers. There was no occasion for him to question the financial ability of the proposed pur-

1 Buckner v. Tweed, 81 U.S.App.D.C. 256, 157 F.2d 211, certiorari denied, 330 U.S. 825, 67 S.Ct. 866, 91 L.Ed. 1275, affirming Buckner v. Tweed, D.C.Mun. App., 44 A.2d 224.

2 E.g., Stanton v. Barnes, 72 Kan. 541, 84 P. 116.

3 E.g., C. O. Frick Co. v. Baetzel, 71 Ohio App. 301, 47 N.E.2d 1019; Abbott v. Floyd, 136 Cal.App. 365, 28 P.2d 929.

chasers. He was in effect withdrawing his property from the market and terminating the brokers' agency. If at that time the brokers had performed their services they were entitled to their commission; otherwise they were not so entitled. The burden was upon them to show that they had performed.

To uphold appellants' contention, it would be necessary to rule that when the owner stated to the brokers his reason for not accepting the offers, he thereby agreed to pay the brokers a commission even though they had not performed their services and had presented worthless offers. Such is not the law. In order to recover their commission it was incumbent upon the brokers to prove that they had earned it. This they failed to do and the trial court properly directed a verdict against them.

Because the result would be the same, it is unnecessary for us to decide whether the trial court was correct in refusing to permit appellants to conform their pleadings to the evidence.

Affirmed.