Leslie B. DOWNING and Marshall C. Downing, Appellants,

v.

H. G. SMITHY CO., a corporation, and Joseph E. Jones and Marjorie B. Jones, Appellees.

No. 1839.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 20, 1956.

Decided Sept. 14, 1956.

Rehearing Denied Oct. 19, 1956.

Herman Miller, Washington, D. C., for appellants.

Jo V. Morgan, Jr., Washington, D. C., with whom John J. Carmody, Washington, D. C., was on the brief, for appellee H. G. Smithy Co.

John J. Leahy, Washington, D. C., for appellees Jones.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief

Judge, Retired) sitting by designation under Code, § 11–776 (b).

CAYTON, Acting Judge.

Mr. and Mrs. Downing agreed in writing to buy the interest of Mr. and Mrs. Jones in a cooperative apartment for $15,000. The transaction was negotiated by Smithy Company, as broker, with whom the Downings put up a deposit of $500. Thereafter the Downings refused to complete the purchase and sued Smithy and the Joneses for the return of their deposit. Smithy filed a cross-claim against the co-defendants for a commission of $750 for procuring the sale to plaintiffs. Defendants Jones alleged that the contract had been breached by plaintiffs, and that defendants had been able to obtain only $14,500 on resale of the apartment. By counterclaim they demanded of plaintiffs the difference of $500, together with certain other items, including the $750 commission claimed by Smithy.

The trial court rejected plaintiffs' claim, awarded Smithy a commission of $750, and also awarded defendants Jones $1,225, crediting against these two findings the $500 deposit which had been posted by plaintiffs. On this appeal we must review the question of breach, and also the correctness of the awards against plaintiffs.

■ *As to the breach.* The claim of the plaintiffs (purchasers) was that they had a right to rescind because the vendors (Jones) had failed to comply with the following provision in the agreement:

"It is understood that this offer is subject to the acceptance of the purchaser's application for membership in the apartment including the right to keep a small dog."

Plaintiffs contended that they had not been accepted for membership in the cooperative and had not been given permission to keep

a dog,[1] and that they were therefore within their rights in rescinding and demanding their deposit. We cannot sustain that contention. There was substantial evidence, some of it documentary and most of it uncontradicted, to the effect that the Downings expressly waived the clause as to the dog; that they changed their minds about the deal after their offer had been accepted; that this change of mind was due to the fact that Mrs. Downing was about to undergo an operation; that they asked Smithy by letter to resell the apartment for them; that in a later writing they announced their decision to forfeit their deposit; and that not until the day before the time fixed for settlement did they take the position, by letter from their attorney who had come into the negotiations, that there was a failure of compliance by the sellers. On this evidence the trial court was fully justified in deciding that there had been a breach by plaintiffs.

*As to damages.* Appellants contend that there was no sufficient proof of damage. The price agreed to by the Downings was $15,000. After the breach Smithy's salesman showed the apartment to "between seven and ten groups of people" without success, and a new broker, Aiken, advertised it and showed it to half a dozen, and after all these efforts the best price obtainable was $14,500, for which the apartment was sold to the new purchaser. This furnished a basis for ruling that sellers were entitled to the $500 difference between the two figures. Hazelton v. Le Duc, 10 App. D.C. 379. Slater v. Berlin, D.C.Mun.App., 94 A.2d 38.

As we have seen, the trial court made a much heavier assessment of damages, awarding the broker Smithy a $750 commission on the uncompleted sale, and also awarding the vendors Jones, in addition to the $500 loss on the resale, $725 for the commission paid to Aiken, the broker who made the ultimate sale. We must rule that the judgment was based on an erroneous measure of damages and that plaintiffs should not be required to pay any commission.

As to the Smithy commission: The sales contract was not in the usual printed form, but was written out in longhand by the Smithy salesman, and made no reference to commission. This was mentioned only in the listing card which provided for a commission of 5% to Smithy, "If the property is sold by or through your office." The property was not sold by the Smithy office; its salesman obtained only an executory contract of sale from the Downings, who never completed the purchase. In such circumstances, as has many times been held, the broker is not entitled to a commission. The decisions, old as well as recent, have consistently expressed the rule that a broker does not earn a commission unless he proves that he has produced a purchaser ready, able and willing to complete the transaction on the terms specified by the owner. Recently we ruled that in the absence of proof of compliance by the purchaser, seller owes no commission if he remains passive and neutral and does not actively hinder or delay performance. Dal Maso v. Gregory, D.C.Mun.App., 112 A.2d 923. Earlier we ruled that the fact that a purchaser signed a contract was no proof that he was ready or able to proceed with the deal, and that without such proof there can be no valid judgment for a commission. Long v. Murchison, D.C.Mun. App., 62 A.2d 370. We have made the same rulings in other cases. Buckner v. Tweed, D.C.Mun.App., 44 A.2d 224, affirmed 81 U.S.App.D.C. 256, 157 F.2d 211; Pratt v. Realty Associates, D.C.Mun.App., 45 A.2d 478; Dreyfuss v. Boling, D.C.Mun.App., 60 A.2d 230; Wetzel v. DeGroot, D.C.Mun. App., 86 A.2d 737. In those cases we were following decisions like Sweet v. H. R. Howenstein Co., 64 App.D.C. 20, 73 F.2d 660, 661. There seller had made a "promise of a commission if a sale should result,"

1. Actually they did not own a dog at the time, but said they expected to acquire one.

and purchaser stopped payment on the check given as a deposit. The court said, "Such * * * is not the production of a purchaser ready, able, and willing to buy, for such a purchaser must be prepared to close and able to perform his contract." Citing Fox v. Cohen, 34 App.D.C. 389. The same general ruling was recently stated again in Park Road Housing Co. v. Adas Israel Hebrew Cong., 96 U.S.App.D.C. 189, 225 F.2d 28.

 The Smithy listing was an exclusive one, but it expired September 1, 1955. After that Smithy had only a general, non-exclusive agency and was on a strictly competitive basis. Aiken was the successful broker who produced a purchaser who completed the deal, and therefore earned the commission. Smithy, being unsuccessful, earned nothing. See Rieffer v. McGuire, D.C.Mun. App., 53 A.2d 784, and cases cited. We note that defendants Jones took no appeal from that part of the judgment which was in favor of Smithy. Indeed, Jones and Smithy filed a joint brief in this court, and the Joneses' position is that Smithy was entitled to prevail. But that does not preclude the right of appellants to challenge a ruling which casts ultimate liability on them. And it is plain that appellants are not liable for the Smithy commission.

As to liability for the Aiken commission: We have just said that Aiken earned a commission. But we know of no legal basis for requiring the Downings to pay that commission. Such an obligation was not mentioned in the contract; nor is it recognized by law. It is well understood that a defaulting purchaser is liable for such damages as are a natural consequence of his breach. Payment of a broker's commission is seldom a natural consequence of such a breach and is not to be charged to the purchaser except when a contract so provides or special circumstances justify it. It has long been the rule, as we have said earlier in this opinion, that the measure of damages in cases like this is the difference between the fair market value and the contract price, in other words, the seller's actual loss. See Hazelton v. Le Duc, 10 App.D.C. 379; Slater v. Berlin, D.C.Mun. App., 94 A.2d 38. Payment of a broker's commission does not represent a loss when it is part of the seller's normal expense of sale.

From what we have said, it follows (1) that nothing should be charged against plaintiffs on account of the Smithy commission; (2) that defendants Jones are not entitled to claim anything from plaintiffs on account of the commission paid to Aiken; and (3) that the recovery of defendants Jones against the plaintiffs should be limited to $500, against which is to be credited the deposit money posted by plaintiffs. It is ordered that the judgment be corrected accordingly.

Reversed.