B. F. BONEWELL & Co. v. NELS JACOBSON, Appellant.

**Fraud:** REPRESENTATION OF AGENT: PAROL PROOF. The provision in 1 a contract for the sale of goods that no agent of the seller shall have the right to make any representation modifying the agreement, will not defeat the buyer's right to show by parol that the instrument was signed by him as a result of the agents fraudulent representations.

**Contracts:** MODIFICATION: EXECUTION. An endorsement on the 2 back of a contract made before signing and as a condition precedent to its execution, becomes a part of the instrument, and is a compliance with a provision of the main agreement that no modification thereof shall be binding unless in writing and signed by the parties.

**Sales:** PERFORMANCE OF CONTRACT: DIRECTION OF VERDICT. A directed 3 verdict for plaintiff, in an action for goods sold under a contract for delivery at a certain place on a day to be fixed by the seller, with notice to the buyer, was error, where there was a conflict of evidence as to whether notice of the time of delivery was given the buyer.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

MONDAY, MARCH 12, 1906.

ACTION to recover the purchase price of certain specified fruit trees alleged to have been sold by plaintiffs to defend-

ant under a contract of sale.  The defendant pleaded that the contract was procured by fraud and that plaintiffs had not complied with its terms on their part.  At the conclusion of the evidence the court directed a verdict for plaintiffs for the amount specified in the contract and entered judgment against defendant thereon.  The defendant appeals.— *Reversed.*

*McCarthy & Lee,* for appellant.

No appearance for appellee.

McClain, C. J.— The contract on which plaintiffs sue consists of an order for fruit trees of various kinds made by filling out blanks in a printed form, signed by defendant in the space indicated for the purchaser's signature at the bottom of the page.  For the purpose of making plain the points of controversy in this case, it is sufficient to say that on the back of the sheet on which the form for the order was printed were written the following words: " Orchard contract to be given on delivery.  Orchard to be set out and be cared for by the company."  And that the introductory portion of the order contained these provisions:

It is hereby expressly agreed by and between the parties to this agreement that neither party shall be bound by or permitted to claim or enforce any change or modification of this agreement whatever, unless such change or modification is in writing and is signed by each party to this contract.  It is also expressly understood that no agent nor any person or persons representing or claiming to represent any party hereto have any right or authority to make any representation in any wise or manner to change or modify this agreement.

The theory adopted by the court in overruling defendant's motion to strike out portions of a reply filed by plaintiffs and in excluding evidence offered by the defendant sup-

porting his affirmative defense was that these printed stipu-
lations precluded the defendant from relying upon fraud-
ulent representations made to him by plaintiffs' agents pre-
ceding the making of the written contract, and that the writ-
ing on the back of the printed form was no part of the con-
tract and could not be shown to be part of it by parol evi-
dence.

I. On the trial defendant offered to prove various rep-
resentations made by plaintiffs' agents at the time the con-
tract was procured, such as that the agents represented that

1. FRAUD: repre- plaintiffs desired to set out a sample adver-
sentation of
agent: parol tising orchard in defendant's locality under a
proof. contract which they called an " orchard con-
tract," the printed form of which they had neglected to bring
with them, but which provided that such an orchard was to
involve no expense to the person on whose land it was set
out save the use of the land, and that plaintiffs would care
for it and take their pay in the fourth year's crop from the
trees thus set out, that plaintiffs were the owners of an
extensive nursery near Des Moines and had already set out
one advertising orchard in northwestern Iowa similar to the
one which they proposed to set out for defendant, and that
the varieties of the fruit trees were new and improved va-
rieties not sold by other nursery men, etc., and that these
representations were false; but on plaintiffs' objection such
evidence was excluded.

We do not understand that there is any rule of law pre-
cluding the defendant, in an action on a written contract, from
pleading and proving fraudulent representations of the other
party on which he has relied to his prejudice as inducement
for the making of the contract sued on. This is the ordi-
nary defense of fraud, which may be interposed in an action
at law by way of defense to recovery on a written contract.
It is perhaps true that by a stipulation in a written contract
collateral agreements or warranties attempted to be made
by agents may be prevented from becoming portions of the

contract between the parties, but no such stipulations can, as we understand it, prevent the interposition of the defense of fraud which has induced the making of the contract. If defendant had been allowed to prove the facts alleged in his answer, as he offered on the trial to do, a good defense to the enforcement of the contract would have been made out, for, as will be indicated in a subsequent paragraph of this opinion, defendant never accepted the benefits of the contract and never put himself in a position where he was under obligation to rescind or otherwise seek to avoid the contract on account of fraud. That fraud may be a complete defense in an action on written contract is too well settled to require the citation of authorities, but for the application of the principle in a somewhat similar case, see *Barrie v. Miller,* 104 Ga. 312, (30 S. E. 840, 69 Am. St. Rep. 171). And see, also, *Dowagiac Mfg. Co. v. Gibson,* 73 Iowa, 525.

II. It was competent for the defendant to show by parol evidence that he refused to sign the order for the trees until the stipulation with reference to an orchard contract and the care of the orchard by plaintiffs was written on the back of the order. If 'these words were written as a portion of the instrument, to be signed by defendant, which was to evidence the obligations of the parties, then they became a portion of the contract, although the signatures of the parties were not below them, but were attached at the foot of the preceding page. It is immaterial with reference to the signature to an instrument whether it is at the beginning or in the middle or at the end of the writing or printing, provided it is affixed to the instrument with the intention that all the written and printed portions thereof constitute a part of the contract which is being signed. *Wise v. Ray,* 3 G. Greene, 430; *New Eng. D. M. & W. Co. v. Standard W. Co.,* 165 Mass. 328, (43 N. E. 112, 52 Am. St. Rep. 516); *McConnell v. Brillhart,* 17 Ill. 354 (65 Am. Dec. 661).

2. CONTRACTS:
modification:
execution.

The stipulations printed in the contract which have

been above set out do not preclude this construction. It is required that any change or modification be in writing and signed by both parties; but if, as the evidence offered for defendant would have tended to show, such change or modification was made in writing and as a part of the printed contract before defendant affixed his signature, then such change or modification was in fact signed by both parties as effectually as if it had been written on the first page of the order blank and above the signatures.

III. But on the very face of the contract is another stipulation which should have necessarily precluded the direction of a verdict for the plaintiffs under the evidence in-

3. SALES: performance of contract: direction of verdict.

troduced in their behalf. It was expressly stipulated that the trees were " to be delivered by said F. B. Bonewell & Co. in good order at Story City in the spring of 1902 on a day to be fixed by said B. F. Bonewell & Co. by notice given to said party of the second part "; and it was further recited that " the said party of the second part agrees to receive said goods on the day and at the place named above and to pay for the same at Des Moines, Iowa, upon such delivery." There was no evidence, so far as the record shows, that defendant ever received notice of the time and place where plaintiffs proposed to deliver the trees, nor that plaintiffs ever attempted to make any such delivery. If the testimony of B. F. Bonewell as a witness that either he or his wife addressed a postal card to defendant at his post-office address, advising him of an intention to deliver the trees at a certain date at Story City can be regarded as even making out a *prima facie* case of notice, there was a conflict in the evidence raised by the express denial of defendant as a witness that any such notice or any notice whatever, of an intention of plaintiffs to deliver the trees had been given to or received by him, and such issue should have been submitted to the jury. But, even conceding that notice was given, there was no proof that plaintiffs had the trees specified in the contract at Story City

on the date named or on any other date ready to deliver to the defendant.   In this respect there was a complete failure on the part of plaintiffs to establish performance or attempted performance on their part.

As we have not been favored by any argument on behalf of the appellees, we have not thought it advisable to enter into any elaborate discussion of the questions presented by appellant, and are content to announce the conclusion which we have reached as based on the reasons already indicated, that the judgment should be *reversed*.