## HEURICH v. SULLIVAN.

(Court of Appeals of District of Columbia. Submitted April 7, 1922. Decided June 5, 1922.)

No. 3743.

1. **Brokers ⬉49(3)—Not entitled to commission, unless purchaser's offer fully meets owner's terms.**

A broker is not entitled to a commission for procuring a purchaser for property on terms stated by the owner, unless the offer made by the purchaser fully meets all of the terms stated by the owner, and any deviation from the authority granted by the owner is fatal to the broker's right to recover.

2. **Brokers ⬉57(1)—Changing terms of payment held to defeat right to commission.**

Where the owner's terms required the balance of the purchase price to be paid in monthly installments of $100 each, with 6 per cent. interest, a contract negotiated by the broker giving the purchaser the option to pay any multiple of $100 in any month was a deviation from the broker's authority, which prevents his recovering the commission.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Brokers ⬤⟳57(1)—Unauthorized provision that half of earnest money should go to broker on purchaser's failure to perform held to defeat right to commission.**

Where the broker was to sell the property at a price net to the owner and secure his commission from the purchaser, and one of the terms stated by the owner was the deposit of $500 as earnest money, a provision in the contract negotiated by the broker that one-half of the earnest money deposited by the purchaser should be applied, in the event of the purchaser's failure to perform, to the payment of the broker's commission, was a variation from the contract to the prejudice of the owner, who was entitled under his terms to the entire earnest money for the purchaser's nonperformance, and such a variance defeats the broker's right to commission.

Appeal from the Supreme Court of the District of Columbia.

Action by William D. Sullivan against Christian Heurich. Judgment for plaintiff on appeal from the municipal court, and defendant appeals. Reversed and remanded for a new trial.

Leon Tobriner and Byron U. Graham, both of Washington, D. C., for appellant.

M. F. Mangan, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This suit originated in the municipal court of the District, and on appeal to the Supreme Court there was a verdict and judgment for appellee, plaintiff below, for the amount claimed in his bill of particulars, which was alleged to be for—

"commissions lost by the plaintiff by reason of the failure of defendant to comply with the agreement of sale set forth in the attached affidavit."

It was averred in the affidavit of merit that defendant, Heurich, authorized plaintiff to sell a certain piece of real estate for $18,500 net to the owner; "terms of sale, $3,000 cash; balance to be secured by trust on said property." It is averred that plaintiff found a purchaser who submitted an offer in conformity with defendant's authority to sell, that the purchaser agreed to pay plaintiff a commission of $250, that defendant refused to accept the contract, and that defendant, therefore, is indebted to the plaintiff in the sum of $250.

It appears from the testimony of plaintiff that he contracted with defendant to procure a purchaser of the property for $18,500 net, with terms of sale $2,500 or $3,000 cash, with a first trust for $10,000 at 6 per cent. interest, and the balance secured by a second trust at 6 per cent. interest, "payable at the rate of $100 per month."

Subsequently plaintiff submitted for defendant's approval a contract in which one Gevinson agreed to pay $18,500 net for the property, on the following terms:

"$3,000 cash; give first trust note of $10,000, 6 per cent. for three years, secured by a first deed of trust on property sold; and balance, $5,500, payable in monthly installments of $100, or any multiple, said $5,500 secured by second deed of trust, interest 6 per cent."

A forfeiture check for $500, payable to defendant, was deposited by Gevinson, in respect of which the contract provided that—

"William D. Sullivan is entitled to one-half of the above deposit, if forfeited, and owner declines to enforce performance."

At the conclusion of the evidence, a motion for a directed verdict was made by counsel for defendant on the ground of a variance between the contract proven to have been made by plaintiff and defendant, and the Gevinson contract which defendant refused to approve. The motion was denied, and from the judgment for plaintiff, defendant appealed.

[1] We think the deviation from the authority granted is fatal to plaintiff's right to recover. It is settled law that—

"A broker is not entitled to commissions until he has performed the undertaking assumed by him. The right to compensation depends upon a performance of the stipulations and conditions of the contract of agency, and the broker must act strictly according to the authority conferred upon him by the principal." Crosthwaite v. Lebus, 146 Ala. 525, 41 South. 853.

[2] According to plaintiff's testimony, defendant authorized him to take a second trust payable in monthly payments of $100. Instead the contract presented for approval provided for payments "in monthly installments of $100, or any multiple." The clause inserted, "or any multiple," would have enabled the purchaser to discharge the entire trust at the end of any month. The insertion of such an option by the agent, without authority of his principal, has been held to be beyond the scope of the agency, not binding upon the owner, and a bar to the right of the agent to recover a commission. Oliver et al. v. Sattler, 233 Ill. 536, 541, 84 N. E. 652.

[3] The $500 deposit was made to indemnify defendant in case the purchaser failed to carry out his contract. In case of default, it belonged to defendant; yet the contract provided for payment of one-half thereof to plaintiff. Defendant under the agency agreement with plaintiff, was to pay no commission; but if he had approved the contract, and default had occurred, without recourse on the purchaser, plaintiff would have been entitled to the amount of commission here claimed, though no sale would have been consummated. Without stopping to consider the policy of such a provision in a contract made between a broker and a purchaser, it clearly had no place in this contract, since it was at variance with the terms of the agency under which plaintiff was operating.

It is settled law that a broker, before he is entitled to his commission, must not only find a purchaser able, ready, and willing to buy, but upon the identical terms authorized by his principal. It is a rule of agency which admits of no exception, and courts do not hesitate to strictly enforce it. Any other course would open the door to fraud, and place the principal at the mercy of his agent.

The judgment is reversed, with costs, and the cause is remanded for a new trial.