## BULLOCH v. FISHER et al.

Court of Appeals of District of Columbia.
Submitted April 4, 1928. Decided
May 7, 1928.

No. 4649.

1. Receivers ⬤⇒96—Claim for commissions for sale of property in hands of receivers held not recoverable, where offer was not approved and accepted by court.

Where offer for property in hands of receivers was not approved by court, person procuring such offer was not entitled to recover commissions for sale, since any acceptance by receiver would not be binding on court, or be sufficient to establish claim for commission against funds until offer was accepted and sale approved; the court and not the receivers being the principal in sale.

2. Judicial sales ⬤⇒1—Court, in matter of judicial sales, assumes character of vendor.

In the matter of judicial sales, the court assumes the character of the vendor, even though his orders have been carried out through receiver.

Appeal from Supreme Court of the District of Columbia.

Suit by Douglass E. Bulloch, by way of intervention in ancillary receivership, against John M. Fisher and others, receivers. Decree of dismissal, and intervener appeals. Affirmed.

J. I. Peyser, G. E. Edelin, T. D. Peyser, and L. A. Dent, all of Washington, D. C., for appellant.

W. J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is a suit by the appellant to recover an agent's commission upon a sale of real estate. It appears that the Harper Motor Company, Inc., a Virginia corporation doing business in the city of Washington, became insolvent, and was so declared by decree of the proper court of Alexandria county, Virginia. The principal part of its assets consisted of valuable real estate in the District of Columbia, of a value of upwards of $300,000. Receivers were appointed, and an ancillary receiv-

26 F.(2d)—34½

ership was procured in the Supreme Court of the District of Columbia, for the purpose of disposing of the property and converting the proceeds to the liquidation of the debts of the insolvent corporation.

Appellant, Bulloch, petitioned the court for leave to intervene, asserting his claim for a commission, alleged to be due him on the sale of said property by the receivers, under an order of court. On motion of the receivers, the intervening petition was dismissed, and from the decree this appeal was taken.

It appears that, when the ancillary receivership was taken out in the District of Columbia, the receivers posted a "For Sale" notice on the premises in question. Appellant procured an offer for the property of $280,000, less his commission, which the receivers agreed to recommend for approval to the court. When the matter was submitted to the court, another offer was submitted of $280,000 net, which the court approved, rejecting the offer submitted by appellant.

Counsel for appellant seem to attach little importance to the fact, of which appellant had notice, that the offer submitted by him would have to be approved by the court. This was a judicial sale, and was without binding effect until approved by the court. Treating of the subject of judicial sales of property in the hands of receivers, Clark, in his work on Receivers, § 591, says: "The sale is either actually or constructively in the court and the court is the vendor. Such a sale is not valid or binding and confers no right to the property sought to be sold until confirmed by the court. By such confirmation it is judicially made the act of the court, and by this act it becomes and is a judicial sale.

[1] Appellant had full notice that the offer submitted by him to the receivers would have to be approved by the court, and the court, in this instance, stood in the position of the owner. Any acceptance by the receivers would not be binding upon the court, or be sufficient to establish appellant's claim for commission against the funds in the custody of the court, until the offer was accepted and the sale approved by the court. The court, and not the receivers, is the principal. "It is settled law that a broker, before he is entitled to his commission, must not only find a purchaser able, ready, and willing to buy, but upon the identical terms authorized by his principal. It is a rule of agency which admits of no exception, and courts do not hesitate to strictly enforce it. Any other course would open the door to fraud, and place the principal at the mercy of his

agent." Heurich v. Sullivan, 52 App. D. C. 95, 281 F. 599.

[2] In the matter of judicial sales, it is well settled that the court assumes the character of a vendor, even though his orders may be carried out through a receiver. In Morrison v. Burnette (C. C. A.) 154 F. 617, the court, considering the effect of confirmation in a judicial sale, said: "The purchaser bids with full notice that the sale to him is subject to confirmation by the court and that there is a power granted and a duty imposed upon the judicial tribunal when it comes to decide whether or not the sale shall be confirmed to so exercise its judicial power as to secure for the owners of the property the largest practicable returns. He is aware that his rights as a purchaser are subject to the rational exercise of this discretion. But after the sale is confirmed that discretion has been exercised. The power to sell and the power to determine the price at which the sale shall be made has been exhausted. From thenceforth the court and the successful bidder occupy the relation of vendor and purchaser in an executed sale, and nothing is sufficient to avoid it which would not set aside a sale of like character between private parties."

It thus appears that the appellant is totally without standing to enforce his claim against the receivers, or to establish a lien against the funds in the custody of the court. He is in no better position than he would be if his bid had been submitted to an agent of an owner which the owner had refused to accept; hence there is no theory upon which relief can be adjudged in this case.

The decree is affirmed, with costs.