## BATTLE v. PRICE.

### No. 5900.

United States Court of Appeals for the District of Columbia.

Decided June 25, 1934.

George E. C. Hayes, of Washington, D. C., for plaintiff in error.

John D. Fitzgerald, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The plaintiff, a licensed real estate broker, brought this action to recover a commission of $490 on a sale of real estate alleged to have been negotiated by him for the defendant. The trial judge found upon the evidence that the plaintiff was not the procuring cause of the sale, and entered judgment for the defendant, from which this appeal was taken.

The plaintiff had attempted on several occasions to interest the eventual purchaser of the property, Miss Ellen Lee, in various pieces of real estate. He learned that the defendant, Dr. Price, desired to dispose of his home at 3001 Thirteenth Street N. W., and made arrangements with Dr. Price for Miss Lee to inspect the premises. Miss Lee saw the property and apparently was pleased with it; but Dr. Price refused to enter into negotiations at that time, as he wished first to obtain a house for his own use. Later Dr. Price notified the plaintiff that he was ready to dispose of his property, telling him to bring in his purchaser. The plaintiff then went to Miss Lee, but was referred by her to a broker named Gary, upon whose advice Miss Lee was relying. Gary advised the plaintiff that Miss Lee would be unable to carry out the purchase of the Price property until she had sold her own house. Dr. Price had, in the meantime, told a third broker, Bortz, who arranged for the purchase of his new house, to get in touch with the plaintiff in connection with the Lee negotiation. Bortz, like the plaintiff, was referred by Miss Lee to Gary, and the negotiation between Miss Lee and Dr. Price was carried on and consummated by Bortz and Gary, although Gary kept the plaintiff advised as to the progress of the business. Finally, Miss Lee's property was sold to a third person, and her purchase of the Price house was accomplished for $13,000. The

commission was paid by Dr. Price to Bortz. Neither Gary nor the plaintiff received any commission on the Price sale. The trial judge held that the plaintiff had not successfully closed the transaction, and that Gary could not be considered the plaintiff's agent in the negotiation so as to entitle the plaintiff to a commission on account of Gary's work.

We think this decision was correct, and that the plaintiff was not the procuring cause of the sale. To become entitled to a commission, a broker must find a purchaser who is able and willing to buy on the identical terms offered by the seller. Heurich v. Sullivan, 52 App. D. C. 95, 281 F. 599; Shinn v. Evans, 37 App. D. C. 304; Beougher v. Clark, 81 Kan. 250, 106 P. 39, 27 L. R. A. (N. S.) 198. This the plaintiff did not do. At no time before he ceased to participate in the trade was Miss Lee able to go through with the transaction, because it was necessary for her own house to be sold to put her in funds. Nor is there sufficient evidence that Dr. Price had named the figure at which he was willing to sell and that Miss Lee had agreed to it. The plaintiff testified that Dr. Price quoted a figure at the time Miss Lee first saw the property, but did not say what the figure was. Miss Lee stated that she did not recall that Dr. Price named any figure at that time, and it appears from the evidence that the price was still unsettled after Gary and Bortz began to take active part in the deal. It is true that the plaintiff first introduced the eventual purchaser to the defendant, but this circumstance alone, though significant, is not determinative, in the present circumstances. Votaw v. McKeever, 76 Kan. 870, 92 P. 1120; De Zavala v. Royaliner (Sup.) 84 N. Y. S. 969.

Nor can it be said that the plaintiff is entitled to a commission by reason of Gary's participation in the negotiation. There is no evidence by which it can be determined that Gary, rather than Bortz, was the procuring cause of the sale. Nor is it proved that Gary was acting as the plaintiff's agent. When the plaintiff first approached Gary, the latter suggested that the commission be split between them. Later Gary did tell the plaintiff that he would "see to it that he was taken care of," but this does not amount to an undertaking to act as the plaintiff's agent in representing Dr. Price, but merely to a statement that Gary would not rob the plaintiff of his commission, or, at most, as a promise of Gary that the plaintiff should receive a commission. But such a promise, if indeed there was one, cannot give the plaintiff any right against Dr.

Price, whatever basis of claim it might create against Gary.

It follows that the judgment of the municipal court was correct, and it is affirmed.

Affirmed.