## ROWE v. SHILBY.
### No. 10160.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1949.

Decided Jan. 9, 1950.

Mr. George P. Lemm, Washington, D. C., for appellant.

Mr. William H. Brain, with whom Mr. Joseph C. Turco, Washington, D. C., appeared on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

The appellant, Jack Rowe, signed what was termed a "listing card" by which he gave to the appellee, Leslie W. Shilby, a real estate broker, the exclusive right, for a period of thirty days from May 22, 1946, to sell the appellant's restaurant business. The card provided for a selling price of $75,000, one-third to be paid in cash and the remainder in monthly payments of $1,000 each, plus interest. Other provisions were for a lease for ten years at $500 per month, a representation that weekly receipts were $3,500, that stock worth $10,000 would be included in the selling price, and that Rowe had operated the business for fifteen years. Shilby's commission was to be "10 per cent of any price accepted by me", with a minimum commission of $100. There were no other terms, conditions or representations in the listing card except Rowe's reason for selling, which was that he was "Tired".

Shilby presented to Rowe on May 29, 1946, a rather comprehensive sales agreement signed by prospective purchasers. Upon Rowe's refusal to sign the agreement or to consummate a sale on the terms and conditions thereof, Shilby filed suit against him on October 9, 1946, in the United States District Court for the District of Columbia, alleging he had obtained purchasers "under the terms and conditions of the contract [the listing card] * * * who were ready, willing and able to purchase said business, for price listed the sum of $75,000.00"; alleging Rowe's refusal to sell, and praying judgment against him for $7,500. Rowe's answer denied Shilby had obtained a purchaser or purchasers "who were ready, willing and able to purchase the said business within the meaning of the alleged contract hereinbefore referred to."

The case was tried to a jury. At the conclusion of all the evidence, the trial judge directed a verdict for $7,400 in favor of the plaintiff-broker. Rowe appeals from the judgment entered pursuant to the verdict.

 We said in Buckner v. Tweed, 1946, 81 U.S.App.D.C. 256, 257, 157 F.2d 211, 212, "Appellee was entitled to a commission

if he produced a purchaser ready, willing and able to buy upon appellants' terms. A material deviation from those terms would defeat appellee's claim." In Battle v. Price, 1934, 63 App.D.C. 326, 327, 72 F.2d 377, 378, this court stated: " * * * To become entitled to a commission, a broker must find a purchaser who is able and willing to buy on the identical terms offered by the seller. Heurich v. Sullivan, 52 App.D.C. 95, 281 F. 599; Shinn v. Evans, 37 App. D.C. 304; Beougher v. Clark, 81 Kan. 250, 106 P. 39, 27 L.R.A.[N.S.] 198." Because of this well settled rule, the principal problem in this case is to find whether the contract which Shilby tendered to Rowe on May 29, 1946, constituted an offer to buy the restaurant on the identical terms offered by the seller. If it did, Shilby was entitled to a commission; but if it contained any material deviation from the terms of the listing card, Shilby was not entitled to a commission.

The tendered contract provided for a purchase price of $75,000, including a stock worth $10,000, payable $25,000 in cash and the remainder at the rate of $1,000 per month plus interest at the rate of four and one-half per cent per annum, the purchaser to have the privilege of making larger payments at any time. Thus far the contract was in accordance with the listing card with the exception of the privilege to the purchaser of paying deferred purchase money before its maturity.

But numerous additional conditions appear in the contract which were not in the listing card. For example, the tendered contract provided: "4. That in consideration of the purchase price hereinbefore referred to, the Seller agrees not to engage in a similar business or any branch thereof either directly or indirectly in any capacity, within a radius of ten (10) square blocks in all directions from the said premises, and for a period of five (5) years from the date of closing of this sale."

In addition to this provision another paragraph was to the effect that " * * * in the event of a default by either party to this agreement, the defaulting party shall forfeit as liquidating (sic.) damages for the breach of this agreement the sum of seven thousand five hundred dollars ($7,-500) * * *."

Still another paragraph was: "14. In the event this agreement is breached by the Purchaser, then the said Leslie W. Shilby, Broker in this transaction shall receive the sum of three thousand seven hundred fifty dollars ($3,750) in cash from the said seller for his services rendered."

It was further provided that the purchasers should take possession immediately upon the execution of the sales agreement without awaiting the consummation of the transfer or the payment of the consideration.

The foregoing additional terms and conditions which did not appear in the listing card amount to substantial deviations from Rowe's offer so that, instead of being willing to buy on the seller's terms, the prospective purchasers in reality were making a counter-proposal in the sales agreement which they tendered. The appellee dismisses these variations as being unimportant by saying in his brief: "In all of the cases cited by appellant there is a definite and material difference between the seller's offer and the purchaser's bid. This is not true in the present case, where the offer contains the exact terms submitted by seller only in more definite and detailed language."

The mere statement of the additional conditions contained in the proposal submitted by the purchasers is enough to show that there was here a definite and material difference between the seller's offer and the purchasers' bid. Instead of directing a verdict for Shilby, the District Court should have directed the jury to find for the defendant, Rowe.

In order to explain why the trial court peremptorily instructed the jury to find a verdict of $7,400 instead of $7,500, the amount claimed, we point out that the appellant pleaded that he had paid Shilby $100 in accord and satisfaction and testified he paid him that sum "for his trouble." Shilby denied receiving the money. Despite the denial, the court told the jury " * * the direction of the verdict will be not for

$7,500 but for $7,400 because, according to the defendant's testimony, the sum of $100 has already been paid on account."

The judgment appealed from will be reversed with instructions to dismiss the complaint.

Reversed.