William P. PRINGLE, Appellant,

v.

Nora ARMSTRONG, Appellee.

No. 1835.

Municipal Court of Appeals for the District of Columbia.

Argued July 16, 1956.

Decided Sept. 14, 1956.

---

3. D.C.Mun.App., 85 A.2d 188, 189.

Allan L. Kamerow, Washington, D. C., with whom Stanley H. Kamerow, Washington, D. C., was on the brief, for appellant.

David L. Riordan, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is by a real estate broker from a judgment denying his right to recover a commission. His claim was that appellee had listed her property with him for sale and he had procured a prospective buyer ready, willing and able to buy under the terms of the listing agreement, but appellee had refused to sell.

On the listing card after the printed word "Price" was written "$13,500.00" and after the printed word "Terms" was written "$1,000.00." Nothing else appeared on the card with reference to the terms on which the owner would sell. The broker procured a written offer to buy at $13,500. This offer stated that the purchaser would pay $1,000 in cash, place a first deed of trust of "as much as can be secured" and "pay $106.50 per month on 1st and second trusts including principal and interest."

It is the contention of the broker that the listing card authorized him to find a purchaser who would agree to pay $13,500, of which $1,000 would be paid in cash, and that he procured an offer which met those terms. Apparently it is his contention that because the listing card did not specify how the balance of $12,500 was to be paid, anything regarding that was immaterial so far as his right to a commission was concerned. We cannot agree.

It is well established that a broker earns a commission if he produces a purchaser ready, willing and able to buy on authorized terms,[1] but this rule presumes the existence of authorized terms. In the present case there were no authorized terms. Even if the listing card did indicate a willingness to sell for a price of $13,500 with a down payment of $1,000, it is obvious that these two figures alone did not and could not constitute terms upon which a sale could be made, because there was no provision respecting payment of, or security for, the balance of $12,500. The so-called terms were vague and incomplete and the offer produced was equally so. The trial court correctly ruled that no commission had been earned.

Affirmed.

1. Rowe v. Shilby, 86 U.S.App.D.C. 74, 179 F.2d 807, 18 A.L.R.2d 373.