Charles MURRAY, Appellant,

v.

Frederic N. TOWERS et al.,
Appellees.

No. 13407.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1956.

Decided Nov. 15, 1956.

Mr. John Geyer Tausig, Washington,
D. C., for appellant.

Mr. G. A. Chadwick, Jr., Washington,
D. C., for appellees.

Before BAZELON, WASHINGTON
and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant brought suit in the District
Court, seeking (a) to recover compensa-
tion for procuring a purchaser ready,
willing and able to acquire the business
of appellees; and (b) to recover for
breach of a contract allegedly giving ap-
pellant the exclusive right to sell the

business. Judgment having been entered for the appellees, this appeal followed.

The appellees authorized Towers to engage the appellant to sell a jewelry business owned by a corporation in which the appellees were the owners of all outstanding shares. Appellant produced a prospective customer, Winston, who made an offer which Towers deemed totally inadequate, and which he promptly rejected. Winston thereupon in July submitted a counter-proposal, not that he buy out the business, but that he consign a large volume of his own jewelry to be sold on his terms and under his supervision in the corporation's store. The consigned merchandise and the corporation's inventory, at prices fixed by Winston, would be moved through an intensive sales program to be executed during the months of October, November and December of 1953. Details as to the sale of the corporation's furniture and fixtures, extinguishment of certain stockholders' liability as endorsers of an outstanding corporation note, the transfer of its lease, the disposition of unsold merchandise and other items were left incomplete and undetermined, subject to possible agreement concerning all phases of the proposed transaction to be settled in September upon Winston's return from Europe. Thus, instead of negotiating a sale of appellees' business, appellant produced a customer who proposed a transaction which involved appellees' business more deeply than ever, under the control of Winston, with no commitment that any particular yield would result and with several important aspects of the ultimate joint venture, unresolved, uncertain, and indeed lacking a basis for an ascertainable determination of the corporation's interests in the business.

In the meantime, appellees themselves consummated in August a firm sale to a cash buyer, Gordon. Appellant made no claim that his efforts contributed to this sale to the ultimate purchaser, Gor-

don, or that the appellees conducted negotiations with Gordon by reason of information supplied by the appellant.

■ The trial judge directed a verdict for the appellees on the ground that the appellant had failed to show that there had been a meeting of the minds between Towers and Winston as to the essential elements of such a contract as would entitle appellant to a commission. Certainly, the joint venture proposed by Winston was never consummated. Appellant had failed to produce a customer who was ready, able, and willing to buy the business on terms acceptable to the appellees.[1] Judge Keech further ruled that appellant had failed to establish the existence between him and the appellees of such an exclusive agency status as would preclude appellees from negotiating and consummating their own sale or as would entitle the appellant to a commission on account of any such sale.[2] Even were it to be said that appellant had originally become an exclusive agent, the evidence fell far short of supporting an inference that appellees had surrendered their own right to make their own sale. A mere scintilla is not enough.[3] The trial judge decided that after granting to the appellant every favorable intendment to which he was entitled, on the merits, he would have been bound to set aside a plaintiff's verdict. "It repeatedly has been held by this court that before evidence may be left to the jury, 'there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.' * * * The rule is settled for the federal courts, * * * that whenever in the trial of a civil case the evidence is clearly such that if a verdict were rendered for one of the parties, the other would be entitled to a new trial, it is the

1. Battle v. Price, 1934, 63 App.D.C. 326, 72 F.2d 377.

2. Shea v. Second Nat. Bank, 1942, 76 U.S. App.D.C. 406, 410, 133 F.2d 17, 21.

3. Gunning v. Cooley, 1930, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

duty of the judge to direct a jury to find according to the views of the court." [4]

Independently, we have examined the evidence and the exhibits in the case and have concluded that the record supports the action of the trial judge. The judgment of the District Court is affirmed.

---

4. Pennsylvania R. Co. v. Chamberlain, 1933, 288 U.S. 333, 343, 53 S.Ct. 391, 395, 77 L.Ed. 819; and see Wardman v. Washington Loan & Trust Co., 1937, 67 App.D.C. 184, 186, 90 F.2d 429, 431.