**Lane PASTOR, Appellant,**

v.

**George L. WILLIAMS, Appellee.**

No. 2039.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 12, 1957.

Decided Oct. 30, 1957.

Ewing Laporte, Washington, D. C., for appellant.

P. Bateman Ennis, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

A broker appeals from a judgment denying his claim for a commission in connection with an attempted sale of a grocery business.

Defendant gave plaintiff-broker a written listing agreement containing a description of the business and terms of sale, and stating the gross weekly business of the store to be approximately $1,300. The listing agreement also contained the following rather ambiguous language:

"* * * In case you find *a party to buy; or in case of sale by you* at price named, or any other terms that I may accept.

"I hereby agree to pay said Broker a commission of 10% of the selling price (minimum commission $350) *if and when a purchaser is found, * * *.*" (Emphasis supplied.)

In a few days plaintiff interested one Igdalsky in the property and secured his signature to a sales contract, accompanied by a deposit of $500. The contract provided that "Above Seller's agent's commission is earned upon procuring this offer * * *." Also it contained the following insert:

"REMARKS: one weeks trial, owner must show minimum of $1100.00 wkly sales or deposit will be returned to purchaser. * * *"

At the end of the trial week the sales approximated only $800 and the broker returned Igdalsky's deposit. Despite seller's willingness to give Igdalsky more favorable terms, the deal fell through. The broker later brought this suit for commission, and having lost, is here on appeal.

■ The question is whether in these circumstances the broker can successfully claim a commission for presenting an offer which never ripened into a sale. (There was no allegation or proof that the seller was guilty of fraud, deception or other bad faith.) The broker contends that under the contract he earned the commission when he procured the offer.

■■ It has always been the law in this jurisdiction, as many decisions attest, that a broker claiming a commission must prove that he has procured a purchaser who is ready, willing and able to buy on seller's terms; and that a commission is not earned when a sale is not consummated, unless such failure is attributable to some fault or misconduct of seller. See, generally: Park Road Housing Co. v. Adas Israel Hebrew Cong., 96 U.S.App.D.C. 189, 225 F.2d 28; Rowe v. Shilby, 86 U.S.App.D.C. 74, 179 F.2d 807, 18 A.L.R.2d 373; Battle v. Price, 63 App.D.C. 326, 72 F.2d 377; Dotson v. Milliken, 27 App.D.C. 500, affirmed 209 U.S. 237, 28 S.Ct. 489, 52 L.Ed. 768; Restifo v. Pastor, D.C.Mun.App., 129 A.2d 533; Leo M. Bernstein & Co. Sales, Inc. v. Miller, D.C.Mun.App., 125 A.2d 851; Downing v. H. G. Smithy Co., D.C.Mun.App., 125 A.2d 272; Cornwell v. Hollander, D.C.Mun.App., 82 A.2d 140; Shaffer v. Berger, D.C.Mun. App., 81 A.2d 469; Buckner v. Tweed, D.C.Mun.App., 44 A.2d 224, affirmed 81 U S.App.D.C. 256, 157 F.2d 211, certiorari denied 330 U.S. 825, 67 S.Ct. 866, 91 L.Ed. 1275, rehearing denied 330 U.S. 856, 67 S.Ct. 1092, 91 L.Ed. 1297.

In keeping with those general principles, we have ruled specifically that the mere production of an offer is no evidence that the offerer is ready and able to complete the purchase.[1] An offer, without more, would be of no benefit to a seller. To hold otherwise would require vendors to pay commissions for "paper" offers and on grounds most dubious, and would open the door to a variety of collusive tactics. These are among the considerations implicit in the development of the reasonable and salutary principles to which we have referred.

---

1. Long v. Murchison, D.C.Mun.App., 62 A. 2d 370.

462

The sales agreement in this case was on a printed form prepared by the broker. To the extent that it attempted to fashion a right to a commission for the procurement of a mere naked offer, we must rule that it was ineffective because it contravened the established law of our jurisdiction and sought to create a new and unauthorized standard of liability.

On the listing form vendor gave as the income "Approx. $1300 wkly." This seems to have been merely an estimate or approximation based on past experience; and there was no evidence, verbal or document-.ary—and indeed no claim—that it was intended as a guaranteed figure.

In the sales contract it was provided, as we have seen, that during a one-week trial period, "owner must show minimum of $1100 wkly sales or deposit will be returned to purchaser." This made the offer a provisional one, contingent upon future developments. See Wetzel v. DeGroot, D.C. Mun.App., 86 A.2d 737. There is no suggestion in the record that anyone considered that failure of such contingency would bespeak fraud or other misconduct on the part of the vendor.

Viewed in a fair and practical light, we think the situation amounts to this: the broker presented his principal with an offer containing a specified condition; the offerer reserved to himself the right to withdraw from the deal if sales during the trial week fell below a stated figure; when that happened he exercised his right to withdraw, and the conditional contract became in fact no contract. There was no charge or proof of fraud or other misconduct by the seller which would take the case out of the general rules stated above. Compare Pastor v. Cane, D.C.Mun.App., 134 A.2d 95.

Affirmed.