**David TIEL, Appellant,**

v.

**Frederick DE JOSEPH, t/a Greenacres Realty Co., Appellee.**

No. 2705.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 27, 1961.

Decided May 8, 1961.

Rehearing Denied May 22, 1961.

George Greenberg, Washington, D. C., for appellant.

Arthur L. Willcher, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellee, a real estate broker, brought suit for a commission allegedly earned as the result of having negotiated a contract for the sale of appellant's apartment building to one Farmer.[1] Resisting the claim, appellant asserted that Farmer refused to honor the contract when he discovered that appellee had wrongfully misrepresented the maintenance costs of the property.

When appellant placed the listing in June 1959 he gave appellee a paper itemizing the approximate income and expenses of the building. This information was imparted to Farmer who thereupon signed a contract of purchase in early August. Later that month Farmer learned that the financial data supplied him was inaccurate, expenses being considerably higher than had been represented,[2] and he refused to complete the transaction, demanding instead the return of the down payment which he had deposited with appellee.

Appellant admitted delivering the financial statement to appellee but testified that simultaneously he had informed the agent that it was not current and referred him to H. G. Smithy Company, his rental agent, for recent statistics. An employee of Smithy Company stated that appellee had called the office for such information during the summer of 1959 but he could not recall whether it was before or after the contract

---

1. Farmer was joined in this action to determine the disposition of his down payment on the sale. Since no appeal was taken from an award returning the money to him, he is not a party to this appeal.

2. The figures evidently taken from a period some seven years earlier showed electric bills approximately one-fourth and gas one-half the actual amounts during 1958–1959.

date. This witness stated in addition that appellant had been kept continuously advised of operating costs by monthly reports, including the month of June 1959 when appellee was given the outdated set of figures.

Appellee denied that appellant had suggested he contact Smithy Company when the listing was made or that he knew the true financial situation prior to the time he transacted the sale with Farmer.

■ It therefore could have been held from the foregoing that appellee negotiated a contract which was mutually satisfactory to both parties, as evidenced by the signatures of appellant and Farmer on the written agreement, and that appellant induced Farmer's consent through the use of a false set of figures which he supplied his sales agent. Whether he did this innocently or deliberately is immaterial. As the trial court accepted appellee's assertion that he was innocently involved in the affair, we believe he is entitled to his commission, for it is settled law that where consummation of a sale fails because of the seller's misconduct or fault, the broker who performed his assigned task will not be deprived of his commission. Dotson v. Milliken, 27 App.D.C. 500, affirmed 1908, 209 U.S. 237, 28 S.Ct. 489, 52 L.Ed. 768; Pastor v. Cane, D.C.Mun.App.1957, 134 A.2d 95; Borzillo v. Thompson, D.C.Mun.App. 1948, 57 A.2d 195.

■ Appellant's contention that appellee was obliged to show Farmer's financial ability to perform as a prerequisite to recovery may also be treated in summary fashion for this point has been fully answered in prior cases. Under circumstances where the seller has caused the contract to fail, it is incumbent upon him to defeat the broker's claim by showing the intended purchaser was financially unable to perform as agreed. See Pastor v. Williams, D.C. Mun.App.1957, 135 A.2d 460; Shaffer v. Berger, D.C.Mun.App.1951, 81 A.2d 469. Appellant's failure to meet this burden properly resulted in judgment for appellee.

Affirmed.