Kenneth W. HUBER and Charles R. Latimer, Plaintiffs-Appellants,

v.

Ray J. RYAN and Helen Ryan, Defendants-Appellees.

No. 14733.

United States Court of Appeals Seventh Circuit.

May 27, 1965.

Rehearing Denied July 8, 1965.

entered in favor of defendants. Plaintiffs appealed.

Defendants owned the El Mirador Hotel in Palm Springs, California. On October 26, 1960, Frank Hayden, acting as agent for defendants, orally informed Latimer that Ray Ryan wished to borrow $1,000,000 for extensive remodeling and renovation of this hotel and that the hotel could be pledged as security. Latimer orally agreed to attempt to secure such a loan. Due to Huber's acquaintance with large lending institutions, Latimore contacted Huber to get his assistance in obtaining the loan.

It is undisputed plaintiffs were to receive a commission of 3% if the loan was obtained; however, the date on which this commission was offered is disputed. The district court found the 3% commission was mentioned for the first time in the latter part of April, 1961.

On April 28, 1961, defendants wrote to Huber and made a formal application for a loan of $1,300,000.

On May 24, 1961, Huber obtained a commitment from Franklin Life Insurance Company of Springfield, Illinois in the amount of $1,250,000. The commitment was subject to fifteen conditions.

Between May 24, 1961 and June 8, 1961, Hayden began negotiating for a loan with the Coachella Valley Savings and Loan Association in Palm Springs, California. On June 16, 1961, William Gorman, acting as agent for defendants, wrote Huber advising him that the Franklin commitment was unacceptable. The district court found that defendants entered into a loan agreement with Coachella for $1,300,000.

The main issue presented on appeal is whether a unilateral contract existed between plaintiffs and defendants which plaintiffs fully and satisfactorily performed by obtaining the commitment for a loan from Franklin thereby obligating defendants to pay a 3% commission of $37,500.

■■ The law concerning the right of a broker to a commission in a loan

Thomas L. Brooks, Lafayette, Ind., Lendol D. Snow, Lester B. Marshall, Chicago, Ill., for appellants.

Wilbur F. Dassel, Evansville, Ind., for appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiffs, Kenneth W. Huber and Charles R. Latimer, brought this action against defendants, Ray J. Ryan and Helen Ryan, for recovery of a broker's commission alleged to be owed to plaintiffs due to their obtaining a commitment for a loan for defendants. There was diversity jurisdiction.

The case was tried before the district court without a jury. Judgment was

transaction is the same as that relating to the sale of real or personal property. Richardson v. Walter Land Co., 118 Cal. App.2d 459, 258 P.2d 42, 44 (1953). A broker employed to sell real or personal property or to obtain a loan has performed the unilateral contract and is entitled to his commission when he produces a buyer or lender who is ready, willing and able to purchase or loan on terms offered by the seller or borrower. Rowe v. Shilby, 86 U.S.App.D.C. 74, 179 F.2d 807, 18 A.L.R.2d 373 (1950); Richardson v. Walter Land Co., supra; 12 Am.Jur.2d Brokers § 182; 18 A.L.R.2d 376, 379.

A memorandum from the finance committee of Franklin to its investment department, admitted into evidence as Joint Exhibit 15, compared the requested loan and committed loan as follows:

"LOAN REQUESTED $1,300,000.00
6½% interest 15 year
maturity 15 year amortization
1% brokerage ——% servicing
to Kenneth W. Huber & Company

"LOAN RECOMMENDED $1,250,000.00
or less (not exceeding 2%)
6½% interest 12 year maturity
or less. 12 year amortization
½% brokerage ——% servicing
to Kenneth W. Huber & Company
Yield to Franklin 6.41%
Balance at Maturity $.....
Annual Debt Service
Required                     $150,375.00"

Franklin's commitment was subject to fifteen conditions. Gorman stated in his deposition that the following conditions were unsatisfactory: an appraisal satisfactory to Franklin; payment by defendants of a 2% standby fee on or before June 14, 1961, which would be forfeited if defendants did not accept the loan; credit information satisfactory to Franklin; and lease to Franklin, rent free, of one guest room with lanai for three months in each of the years 1962 and 1963.

Plaintiffs contend these conditions are usual in loan commitments and thus do not constitute substantial deviations from the terms contemplated by defendants or that defendants subsequently agreed to these conditions.

■ Assuming without deciding that plaintiffs' above contentions are true, we nevertheless conclude that the loan recommended in the commitment is not identical to but is a material deviation from the loan requested. The loan recommended was $50,000 less than that requested, would mature three years earlier and required an annual debt service of $150,375.

The district court entered findings of fact and stated conclusions of law favorable to defendants. Our examination of the record leads us to conclude that the findings of fact are not clearly erroneous but are amply supported by the evidence. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

The findings clearly support the conclusion of the trial court that there was a failure on the part of plaintiffs to establish a contractual relationship with defendants on which they could recover the claimed commission.

Plaintiff Huber testified: "If they apply for a million-three, Judge, and they cut it down to a million two hundred and fifty, they do not have to accept it. They can—that can throw it out."

Plaintiffs were unsuccessful in negotiating a loan in the amount and under the terms specified by defendants. Defendants were within their rights in rejecting the proffered loan commitment. The trial court correctly concluded that plaintiffs were not entitled to a commission for their unsuccessful efforts.

The judgment of the district court in favor of defendants is affirmed.

Affirmed.