**Archie LAMPROS, t/a Lampros Realty, Appellant,**

v.

**Helen KALIVRETENOS, Appellee.**

**No. 3853.**

District of Columbia Court of Appeals.

Argued April 11, 1966.

Decided July 25, 1966.

◆

Ivan J. Shefferman, Washington, D. C., with whom Hyman Shapiro, Washington, D. C., was on the brief, for appellant.

Erwin A. Alpern, Washington, D. C., with whom Karl G. Feissner, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM:

This appeal stems from a judgment upon a directed verdict at the conclusion of all testimony denying appellant a commission for the sale of certain realty. The trial court ruled, as a matter of law, that the offer submitted by appellant contained material variations from the terms authorized by the seller. Although the court did not specify all the variations it considered material, a review of the listing agreement, the offer, and the testimony of the parties convinces us that there is support for the trial court's conclusion that a substantial deviation existed between the terms of the listing agreement and those in the offer[1] and that the broker, having failed to produce a purchaser ready, willing and able to buy in accordance with the terms authorized by the seller, is not entitled to a commission.[2]

Affirmed.

1. Restifo v. Pastor, D.C.Mun.App., 129 A.2d 533, 535 (1957); Leo M. Bernstein & Co. Sales Inc. v. Miller, D.C.Mun.App., 125 A.2d 851 (1956); Altman v. De Jong, D.C.Mun.App., 113 A.2d 747 (1955); Heurich v. Sullivan, 52 App.D.C. 95, 281 F. 599 (1922).

2. In view of our affirmance of the directed verdict against appellant, it is unnecessary to reach and consider the factual question as to whether appellee had earlier discharged the broker for cause, thus terminating his agency.