**Tamara DMITRIEFF, t/a Dmitrieff Studio, Appellant,**

v.

**Kathryn Mullowny CAMPBELL, Appellee.**

**No. 4091.**

District of Columbia Court of Appeals.

Argued July 24, 1967.

Decided Nov. 14, 1967.

---

Pierre E. Dostert, Washington, D. C., with whom Samuel C. Borzilleri, Washington, D. C., was on the brief, for appellant.

John B. Cullen, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

This appeal is from a judgment on a directed verdict in favor of appellee (plaintiff in the trial court) after presentation of all the evidence at trial. Appellant contends that the evidence would reasonably support a jury finding in her favor and that the case should therefore have been submitted to the jury for final determination of the factual issues. Appellee argues that the court correctly took the case from the jury because no material facts were controverted and only one reasonable inference was possible from the evidence presented.

The trial judge directed a verdict upon the following uncontested facts: Appellee taught ballet at appellant's dance studio. The tuition was collected by the studio which retained one third and gave the balance to appellee, without deducting social security or withholding taxes. Appellee paid the assistant who provided piano accompaniment for the dance instruction. Originally, appellee joined the studio with the understanding that she would be the only ballet teacher there. For some years prior to the fall of 1964, she held classes every Tuesday, Thursday, Friday and Saturday. Almost all of appellee's pupils enrolled in her classes because of her reputation as a ballet teacher and not because of the studio's facilities or other personnel.

In February 1964, a new teacher began to instruct ballet classes at the studio. The following September, appellee enrolled pupils in her classes, and appellant, as previously, collected tuition for the lessons. When appellee tried to hold her regularly scheduled Thursday classes, however, she found that the new teacher occupied the

only available studio space with his own class. Although it was impossible to reschedule appellee's class, appellant insisted that the Thursday session would have to be held at a different time. Because she could not conduct the Thursday class, appellee left the studio, informing her pupils that she would give instruction at a new location and that they were free to follow her or remain with the studio. Without objection from appellant, all but three of the pupils followed appellee to her new location and continued ballet instruction under her guidance.

Appellee filed the present suit to recover her share of the tuition collected by the studio from pupils who had followed her to the new location, less any amount previously paid to her and less any amount due the studio for the use of its facilities before relocation, a total of $709.00. Appellant does not challenge the method of computing the amount due. She argues only that her liability was never properly determined at trial.

▮ Appellant did not controvert any of the above facts at trial. Nor was the credibility of appellee's witnesses placed in issue. While a trial court is usually reluctant to direct a verdict in favor of the party carrying the burden of proof, Powers v. Continental Cas. Co., 301 F.2d 386 (8th Cir. 1962), where the evidence of a party to the action is not contradicted by any direct evidence or by any legitimate inferences therefrom and where the evidence is not improbable, impossible, or subject to suspicion, there is no valid basis for denying its conclusiveness. Chesapeake and O. R. Co. v. Martin, 283 U.S. 209, 218, 51 S.Ct. 453, 75 L.Ed. 983 (1930). The trial judge decided that, granting appellant every reasonable inference, he would have to set aside any verdict that a jury might return for appellant. Under the circumstances he properly directed a verdict for appellee. Murray v. Towers, 99 U.S.App.D.C. 293, 294, 239 F.2d 914, 915 (1956).

▮ Appellant argues that the evidence would reasonably support jury findings that appellee was appellant's employee and duty bound to follow appellant's orders; that the schedule conflict resulted from appellee's unilateral mistake; or that any breach of contract by appellant was not material. We do not agree. All inferences which appellant contends may be reasonably drawn from the evidence are either purely conjectural, without factual support, or are directly rebutted by uncontested evidence. The only reasonable conclusion to be drawn from the record is that appellant breached her oral contract with appellee and that breach, being material, justified appellee's rescission of the contract.

We have examined the evidence in the case and have concluded that the record supports the action of the trial judge in directing a verdict for appellee.

Affirmed.